# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Michael Dontay McCray,               )<br>                                                          )<br>                         Plaintiff,       )<br>                                                          )   Civil Action No. 6:25-cv-03180-TMC<br>         v.                                              )<br>                                                          )   **ORDER**<br>The Mauldin Police Department,   )<br>PTL Michael Hoffman,                   )<br>                                                          )<br>                         Defendants.  )<br>_____)  | |

*Pro se* Plaintiff Michael Dontay McCray filed this action in state court pursuant to 42 U.S.C. § 1983, seeking relief for unspecified constitutional violations. (ECF No. 1-1). Defendants subsequently removed the action to federal court, (ECF No. 1), and, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d)(e) (D.S.C.), the action was automatically referred to a magistrate judge for all pretrial proceedings.

On April 22, 2025, Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion to dismiss procedures and the possible consequences if he failed to respond to Defendants' motion. (ECF No. 10). This order was mailed to Plaintiff. (ECF No. 11). When Plaintiff did not file a response by the deadline set forth in the *Roseboro* Order, the court entered a subsequent order, which advised Plaintiff that if he failed to respond by June 24, 2025, the magistrate judge would recommend that the district court dismiss his case. (ECF No. 12). This order was mailed to Plaintiff. (ECF No. 13). To date, Plaintiff has not filed any response to the motion to dismiss, despite the magistrate judge's warnings. Now before the court is the magistrate judge's Report and

Recommendation ("Report"), (ECF No. 14), recommending that the court dismiss this action under Rule 41(b) for failure to prosecute and deny the motion to dismiss as moot, *id*. at 4. The Report was mailed to Plaintiff at the address he provided the court. (ECF No. 15). Because the Report has not been returned as undeliverable, Plaintiff is presumed to have received the Report. Plaintiff was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 14 at 5), but failed to do so, and time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or

modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 14), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED with prejudice** for lack of prosecution for the reasons detailed by the magistrate judge in the Report. The motion to dismiss (ECF No. 9) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 4, 2025

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.